

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-23-00290-CV

IN THE INTEREST OF J.W., A CHILD

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 29,617, Honorable Cornell Curtis, Presiding

November 8, 2023

MEMORANDUM OPINION

Before QUINN, CJ, and PARKER and DOSS, JJ.

Appellant, the mother of JW, appeals the trial court's order terminating her parental rights to her child. She challenges the judgment through two issues, arguing the evidence was insufficient to support either the predicate statutory grounds for termination or the best-interest finding. We affirm.

*Background*

By the conclusion of the final hearing, JW was just over a year old. The Texas Department of Family and Protective Services removed JW from mother's care following reports that JW tested positive for illegal substances at the time of his birth. Investigation uncovered reports that mother used illegal substances throughout the pregnancy and

within the 24 hours of JW's birth. Her older son had also been removed from her care due to drug use.[1]

A caseworker testified to mother's sustained drug use, JW's positive drug screens at birth, failure of mother to complete her services, and difficulties keeping contact with mother through the pendency of the case. The court also heard evidence that JW was "thriving" in his foster care placement with his paternal aunt, had gained weight after being underweight at birth, had caught up developmentally, and had started saying words. JW referred to his aunt and her fiancé as "momma" and "dada."

At the close of the evidence, the trial court found clear and convincing evidence supported termination of mother's parental rights pursuant to sections 161.001(b)(1)(D), (E), (O), and (R) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b)(1) (D), (E), (O), (R). It further found, by clear and convincing evidence, that termination of mother's rights was in JW's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2).

### Standard of Review

The standards for reviewing the legal and factual sufficiency of the evidence in termination cases are well-established and described most recently in *In re J.F.-G.*, 627 S.W.3d 304 (Tex. 2021). We apply them here.

### Issue One

Through her first issue, mother purports to question the legal and factual sufficiency of the evidence underlying the statutory predicates found by the trial court as permitting termination.[2] We overrule the issue.

---

[1] The record indicates mother had made no efforts to regain custody of her older child.

[2] We say purport because she actually described the issue as "challenging the sufficiency of the evidence to support the finding by the Trial Court that such termination was in the **Child's best interest**."

Mother's analysis under the issue includes mere general reference to court opinions and discussion of the standard of review. Missing, however, is substantive analysis of the evidence concerning each of the predicate grounds. She made no effort in that regard. Consequently, she inadequately briefed and, thereby, waived the issue. *See* TEX. R. APP. P. 38.1(i) (obligating an appellant to support issue asserted with "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Approximately $23,606.00 U.S. Currency v. State*, No. 07-19-00297-CV, 2020 Tex. App. LEXIS 2602, at *8 (Tex. App.—Amarillo Mar. 27, 2020, no pet.) (mem. op.) (finding failure to adequately brief an issue results in its waiver).

Nevertheless, and due to the nature of the rights involved and ramifications of termination under (D) or (E), *see* TEX. FAM. CODE. ANN. § 161.001(b)(1)(M) (permitting subsequent termination if same occurred earlier under (D) or (E) viz another child), we conducted our own independent review of the record. It resulted in our encountering sufficient evidence to at least warrant termination under statutory ground (D). The latter permits termination upon clear and convincing proof that a parent has "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child[.]" TEX. FAM. CODE ANN. § 161.001(b)(1)(D). Furthermore, drug abuse during pregnancy constitutes conduct that endangers a child's physical and emotional well-being. *In re A.J.F.*, No. 07-20-00242-CV, 2021 Tex. App. LEXIS 947, at *6-7 (Tex. App.—Amarillo Feb. 4, 2021, no pet.) (mem. op.).

---

(Emphasis added). A limited best interests analysis composed the substance of the second issue, however. So, we construe the first issue as an attempt to address the predicate grounds.

The record contains evidence of such drug abuse and its continuation. It also resulted in the child's testing positive for illegal substances at birth. Using illegal controlled substances impairs the ability to properly care and supervise a child, particularly one as young as JW. So too does it endanger the child's emotional and physical well-being. *Id.* Thus, the trial court's finding of (D) had the support of both legally and factually sufficient evidence.

### *Issue Two*

Via her second issue, mother challenges the trial court's finding that termination of her parental rights was in the best interest of her child. This issue also lacked substantive analysis. Nevertheless, mother's continued use of drugs, her failure to complete services required of her (including a drug assessment and parenting class), her apparent lack of financial means to care for a child, her failure to provide the child financial support, the flea infested condition of her home, the minimal visitation between mother and child during pendency of the suit, the child's positive progress in the home of a relative, and other evidence of record legally and factually support the trial court's finding as to best interest favoring termination. Consequently, we overrule this issue as well.

The trial court's order is affirmed.


Brian Quinn
Chief Justice